# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED ELECTRICAL RADIO,<br>MACHINE WORKERS OF AMERICA, and<br>JAMES BYRD, | |
| Plaintiffs, | CASE NUMBER: 02-C-686 |
| v. | |
| STEVEN WHITING, et al., | |
| Defendants. | |

| | |
|---|---|
| STATE OF WISCONSIN, | |
| Plaintiff, | CASE NUMBER: 04-C-634 |
| v. | |
| BADGER DIE CASTING CORPORATION, | |
| Defendant. | |

| | |
|---|---|
| ELAINE L. CHAO,<br>Secretary of Labor, United States Department of Labor, | |
| Plaintiff, | CASE NUMBER: 04-C-849 |
| v. | |
| THE GARRETT GROUP, LLC., et al., | |
| Defendants. | |

### ORDER ON THE DEFENDANTS' MOTIONS TO STAY

On February 28, 2006, the defendants filed a motion to stay the above-captioned cases. As grounds for their motion, the defendants state that defendant Steven Whiting ("Whiting") was recently convicted and sentenced on a portion of the counts in United States v. Whiting, Case No. 04-CR-21

(E.D. Wis.). Whiting was sentenced to serve seven and one-half years in prison and ordered to pay $950,000 in restitution. According to the defendants, if Whiting complies with the restitution order, the plaintiffs will receive the damages they seek and may not wish to go forward with these civil actions. In addition, the defendants say that Whiting intends to appeal his conviction, and many of the issues in the criminal case parallel those relevant to the civil cases. Thus, the defendants argue that a stay may ultimately resolve or simplify some of the civil issues, and proceeding at this time may result in an inefficient use of judicial resources. In addition, the defendants contend that proceeding with the civil cases will force Whiting to make a prejudicial decision with regard to his Fifth Amendment right against self incrimination — Whiting will either waive his Fifth Amendment right and fully defend himself in the civil cases or invoke the Fifth Amendment in effort to avoid the creation of incriminating evidence, which may be used against him on appeal or at a new trial. Based on the foregoing, the defendants ask this court to stay the pending civil cases through the end of Whiting's appeal. In the alternative, the defendants ask the court to stay this case for five weeks, so that further specifics regarding the restitution ordered can be ascertained.

The plaintiffs each recently filed a status report indicating that they would not dismiss their cases, despite the restitution award ordered. When the plaintiffs' submissions were filed, Whiting had just been sentenced, and some of the plaintiffs raised concerns as to how and when restitution payments would be made. The State of Wisconsin indicated that it did not have sufficient opportunity to review the terms of Whiting's sentence. (Attorney Ramsey Ltr. Feb. 17, 2006.). According to another plaintiff, United Electrical Radio and Machine Workers of America ("the Union"), Whiting contends that he can only pay restitution to specific persons only through direct civil actions. Thus, the Union feels it would not be prudent to dismiss its civil action until Mr. Whiting has completed his

2

appeal and the courts have determined how restitution is to be disbursed. (Attorney Hoeschen Ltr. Feb. 20, 2006.). Another plaintiff, Elaine L. Chao, Secretary of Labor (the Secretary of Labor"), indicated that the civil case should proceed regardless of the restitution order because injunctive relief in the form of an order removing and enjoining the defendants from serving as ERISA plan fiduciaries is sought. (Secretary of Labor Status Rpt. at 1.). The Secretary also indicated that specific information as to how restitution will be distributed or what amount pertains to each of the civil cases is yet to be determined. (Id.). Similar concerns are the basis for the alternate motion for a five-week stay, which the defendants indicate is unopposed by the plaintiffs.

**Analysis**

The Fifth Amendment protects a criminal defendant from being forced to testify against himself. Hubanks v. Frank, 392 F.3d 926, 932 (7th Cir.2004). However, for a defendant in both criminal and civil matters, the Constitution does not protect against having to "choose between preserving his privilege against self-incrimination and losing the civil suit." United States v. Certain Real Property, Commonly Known as 6250 Ledge Road, Egg Harbor, Wis., 943 F.2d 721, 729 (7th Cir.1991)(internal citations omitted); Bruner Corp. v. Balogh, 819 F.Supp. 811, 813 (E.D. Wis. 1993). In other words, it is not unconstitutional to force a party to choose between his Fifth Amendment rights and the adverse inference that he may face by failing to testify in a civil proceeding. Id. "Nevertheless, a court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions 'when the interests of justice seem to require such action.'" Bruner Corp., 819 F.Supp. at 813 (quoting United States v. Kordel, 397 U.S. 1, 12 n. 27 (1970)).

3

With these standards in mind, it is the opinion of this court that the civil cases should now proceed as soon as possible. The court has previously stayed these actions, but Whiting has now been convicted and sentenced. Thus, the risk that statements made in the civil case will be the basis for his conviction has decreased substantially. That can occur only if Whiting is successful on appeal **and** there is a new trial **and** incriminating statements made in defense of the civil cases are presented against Whiting. Certainly, there is no guarantee that Whiting's contemplated appeal will succeed and that the civil cases will eventually detriment Whiting. Moreover, the appeals process may be lengthy, and many of the issues that Whiting can raise on appeal are already set forth in the trial record. Thus, Whiting's appeal itself will not be impacted by the civil proceedings, even if incriminating statements are obtained by the plaintiffs.

All of these considerations must be weighed against the fact that the civil cases have been pending for some time. The plaintiffs have diligently pursued their claims and did not object to pre-sentencing stays. But now all parties agree that monetary relief in the plaintiffs' favor has been ordered via the order of restitution. Accordingly, the court finds that the interests of justice favor going forward with the civil cases, and the defendants' motion for a stay pending resolution of Whiting's appeal will be denied. However, because all parties agree that a five-week stay will allow a clearer understanding of the restitution order, the defendants' alternate motion will be granted. In addition, in light of the stay that will be ordered, the court will also extend the date by which the parties must submit a proposed scheduling order, currently due on March 3, 2006, by five weeks.

For all the reasons discussed herein, the court now enters the following order on the defendants' motions to stay:

**IT IS THEREFORE ORDERED** that the defendants' motion to stay proceedings until resolution of Whitings' appeal is **denied.**

**IT IS FURTHER ORDERED** that the defendants' motion to stay proceedings for five weeks is **granted.**

**IT IS FURTHER ORDERED** that the date by which the parties are to submit a proposed scheduling order is extended to **April 7, 2006,** at which time the stay will be automatically lifted**.**

Dated at Milwaukee, Wisconsin this <u>1st</u> day of March, 2006.

                                                                                  s/AARON E. GOODSTEIN
                                                                                  United States Magistrate Judge

5

Case 2:02-cv-00686-AEG   Filed 03/01/06   Page 5 of 5   Document 58