# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

UNITED ELECTRICAL RADIO,
MACHINE WORKERS OF AMERICA AND
ITS AFFILIATED LOCAL 1112, and
JAMES BYRD,

                Plaintiffs,         CASE NUMBER: 02-C-686

     v.

STEVEN WHITING, et al.,

                Defendants.

## PROTECTIVE ORDER

UPON the foregoing stipulation now contained on the record entered into by all parties engaged in this action, and,

WHEREAS, certain of the documents and information to be produced in this litigation contain confidential personal, business and financial information regarding the Plaintiff Union and its members;

WHEREAS, the disclosure of this Confidential Information, as defined below, to the opposing parties or to others could have an adverse impact on the Union and its respective members;

WHEREAS, as used herein, "Confidential Information" shall mean information which has not been made public and which a provider regards as confidential; Such information may include, the names and personal information, such as hourly wage and job description of individual members of the Plaintiff union. Information is not confidential if the information has become publicly available without breach of any confidentiality agreement or other laws, if it is or has been disclosed by the Producing Party to third parties (other than the parties or persons identified in Paragraph 4(a) through 4(e), inclusive) that is not subject to a confidentiality obligation itself or

if it is already lawfully in possession of a party who has previously received the information from a third-party who has not breached any confidentiality agreement and had the legal right to disclose such information.

WHEREAS, the Court finds that the entry of this Protective Order ("Order") will facilitate the progress of the case and that there is good cause for its entry;

IT IS HEREBY ORDERED:

1. The parties may each designate as "Confidential" those documents (or Portions thereof) or other information that they in good faith believe contain Confidential Information as defined above.

2. Confidential Information shall be used by the Receiving Party solely for purposes of this litigation and, in addition, shall be subject to the specific conditions of this Order and disclosed only as provided herein.

3. Information shall be designated Confidential Information by category or type of document or deposition transcript or by stamping or marking the word "Confidential" on each page.

4. Confidential Information shall be disclosed solely to the following persons:

   a. The parties to this case and their respective employees and agents, including employees and agents of Defendants;

   b. Counsel employed by any party to this case, the attorneys and stenographic, paralegal, and clerical employees in the respective law firms of such counsel, and the personnel supplied by any independent contractor with whom such attorneys work in connection with this litigation;

   c. The parties' accountants;

   d. Experts retained for purposes of this case, including testifying expert or opinion witnesses, consulting opinion or expert witnesses, technical consultants, statistical, stenographic, and clerical employees thereof when operating under the direct supervision of such experts or consultants;

e. Court personnel, and stenographic reporters in connection with the preparation for or hearing of this action;

f. Witnesses or potential witnesses; and

g. Such other persons as the Court may order or as to which all of the parties, including the Producing Party, may, in writing, agree.

5. Before disclosing any Confidential Information to the persons designated in subparagraphs 4(d), 4(f) or 4(f) of this Order, the party or counsel for the party making such disclosure shall provide such person(s) with a copy of this Order and advise such person(s) of the restrictions contained herein. The person to whom disclosure is made shall be furnished a copy of this Order and shall agree in writing (in the form attached hereto as Exhibit A) to be bound by its terms. Counsel for each party shall maintain a file of such written agreements, together with a list or description of the documents disclosed to each such person, until this action is completed. Persons designated in subparagraphs 4(d), 4(f) and 4(f) shall not retain copies of any Confidential Information unless the Producing Party consents. In the event a party wishes to disclose Confidential Information to a non-party witness or potential witness written notice shall be given to the opposing Parties who shall within seven (7) days give a written consent. The Parties shall not withhold consent absent a good-faith objection to the disclosure of the Confidential Information to the proposed witness. If the Parties are unable to reach an accord regarding the disclosure they may seek the assistance of the Court to determine whether the disclosure to the non-party witness is appropriate.

6. The Producing Party may remove documents or information from the scope of this Order by notifying counsel for the parties in writing of its desire to do so.

7. Material designated as "Confidential" in accordance with this Order may be utilized at any deposition taken in these proceedings; provided, however, that, unless agreed to

by the Parties any testimony taken with respect to such Confidential Information and designed as "Confidential" shall be taken with only the persons designated in Paragraphs 4(a) – (e) above, other than the deponent, present at the deposition and shall be bound in a separate transcript from that containing testimony that is not designated as Confidential. Further, the separate original transcript and all documents designated as confidential and used as exhibits at the deposition shall be placed by the court reporter in a sealed envelope, marked with the title of this proceeding. The envelope shall also bear the name of the deponent, the date on which the deposition was taken and a statement that the envelope contains confidential material and is not to be opened without prior order from this Court or consent of all parties to this proceeding. Counsel's copies of the separate confidential transcripts need not be sealed, but, otherwise, must be treated as confidential in accordance with the terms of this Order.

8. If Confidential Information is used during any hearing, it shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use. Nothing in this Order shall preclude any party from using confidential material at the trial of these proceedings; provided, however, that, prior to using such information, the party offering it advises the Court and all other parties to this Agreed Protective Order, so that steps can be taken to reasonably insure the preservation of the confidential nature of the information to be used if deemed necessary and appropriate by the Court.

9. Nothing herein shall be construed to affect in any manner the admission, or objection to the admission, at any hearing of any document, testimony, or other evidence.

10. Nothing herein shall affect or restrict the rights of any Party with respect to its own documents or to the information obtained or developed independently of the receipt of materials containing Confidential Information.

11. Upon the conclusion of this litigation (including, without limitation, all appeals), at the written request of the Producing Party, all Confidential Information, and any and all copies thereof, shall be returned within sixty (60) days after such request to the Producing Party; provided, however, that counsel may retain their attorney work product and all documents filed with the Court even though they contain Confidential Information, but such retained work product shall remain subject to the terms of this Order. Nothing contained in this paragraph shall require the parties to return any documents that have been marked "Confidential" that are or were required to be provided by the Producing Party pursuant to a separate agreement.

12. Insofar as this Order restricts the use of Confidential Information, this Order shall continue to be binding after the conclusion of this litigation.

13. A Party shall not be obligated to challenge the propriety of a designation of "Confidential Information" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any document or information as "Confidential Information," the party shall try first to resolve such dispute in good faith on an informal basis with the party or third-party who produced the Information. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court. If relief is requested from the Court, the burden of establishing that a document or information has been appropriately designated shall be on the Producing Party.

14. Notwithstanding any contrary provision of this Order, any party or person in possession of Confidential Information may produce such information pursuant to a subpoena or court order or as otherwise required by law, provided, however, that the party or person making such disclosure shall promptly notify the producing party of the subpoena, court order, or other request or demand and cooperate,to the extent possible, in allowing the producing party time, if they so choose, to challenge the subpoena, court order, or other request or demand.

15. Only upon order of the Court shall the terms of this Order be amended or modified.

Dated at Milwaukee, Wisconsin this <u>24th</u> day of September, 2007.

s/<u>AARON E. GOODSTEIN</u>
U.S. Magistrate Judge
